IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JORDAN AHENAKEW, | CV 23–17–GF–BMM–JTJ |
| Plaintiff, | ORDER |
| v. | |
| CHRISTY ATKENU, JOE MARTIN, and MIKE SCOTT, | |
| Defendants. | |

Plaintiff Jordan Ahenakew, appearing pro se, has filed a lawsuit pursuant to 42 U.S.C. § 1983. The Court previously screened Ahenakew's Complaint and concluded it failed to state a claim. (Doc. 8.) Ahenakew amended, but the Court concludes that his Amended Complaint also fails to state a claim and will be dismissed. (Doc. 9.)

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915A

Ahenakew is a prisoner proceeding pro se so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

"[A] complaint must contain sufficient factual matter, accepted as true, to

1

'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint fails to state a claim "where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Nevertheless, *pro se* pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Ahenakew has amended his claims to remove Defendants Scott and Martin, against whom he had failed to allege sufficient facts in his original Complaint. His amendments also fail to allege sufficient facts, however, to state a claim against the remaining Defendant, Christy Atkenu. The Court previously advised Ahenakew that he must explain how Atkenu's alleged treatment of him differed from their treatment of others, and that he must present factual allegations sufficient to place Atkenu on notice of the claims against her. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In his Amended Complaint, Ahenakew states, without more, that Atkenu treated him differently based on race. (Doc. 9 at 4.) Ahenakew's bald, conclusory

allegations do not pass from the possible to the plausible, and thus, fail to state a claim for relief.  *Iqbal*, 556 U.S. at 681.

Accordingly, it is **HEREBY ORDERED**:

1.  Ahenakew's Amended Complaint is **DISMISSED** for failure to state a claim.

2.  The Clerk of Court is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

DATED this 24th day of August, 2023.

_____
Brian Morris, Chief District Judge
United States District Court